E-FILED
Wednesday, 09 January, 2013  11:34:36 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

JAN 0 9 2013

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | 12-3324 |
| | ) | |
| Jerold Barringer, | ) | |
| | ) | |
| Respondent, | ) | |

## MOTION TO DISMISS

Comes Now Respondent, Jerold Barringer, and for his Motion to Dismiss, pursuant to Fed. Rule of Civil Procedure, Rule 12(b)(6), states as follows:

Petitioner, United States of America alleges it has jurisdiction to proceed pursuant to 26 U.S.C. Sec. 7402(b), and pursuant to 26 U.S.C. Sec. 7604(a).

Respondent believes that the agency involved in this action, the Internal Revenue Service, has failed to proceed as required by law, 26 U.S.C. Sec. 7621 and 26 CFR part 600, and as a result of that failure, is not entitled to seek enforcement of the summons in this matter. Therefore, Respondent files this Motion to Dismiss with enclosed Memorandum in Support thereof to terminate this action.

## STRUCTURE OF THE INTERNAL REVENUE SERVICE

Pursuant to 4 U.S.C. Sec. 71, the District of Columbia is the permanent seat of the government of the United States. Pursuant to 4 U.S.C. Sec. 72, all offices attached to the seat of government shall be exercised therein and not elsewhere, unless expressly authorized by law.

-1-

Pursuant to 3 U.S.C. Sec. 301, the President is authorized to delegate functions of office to his lower officers.  Pursuant to 31 U.S.C. Sec. 301(a), the Department of the Treasury is an Executive Department of the United States Government at the seat of Government.  Pursuant to 26 U.S.C. Sec. 7801, et seq., the administration and enforcement of Title 26 shall be performed by or under the authorization of the Secretary of the Treasury, and there shall be in the Department of the Treasury a Commissioner of the Internal Revenue appointed by the President, (7803), and the Commissioner has the authority to employ such other individuals as the Commissioner deems proper for the administration and enforcement of the Internal Revenue Laws (7804).  Pursuant to 26 CFR 7805, the Secretary shall prescribe all needful rules and regulations for the enforcement of Title 26.

Pursuant to 26 U.S.C. Sec. 7621, the President shall establish convenient internal revenue districts of the administration of the Internal Revenue laws.  As described in *United States v. Warring,* 121 F.Supp. 546 (D.C. MD 1954), there have been collection districts (revenue districts), since at least 1874, so that the executive branch of government could properly administer the internal revenue (tax) laws outside of the seat of government.  "In considering the federal revenue statutes with regard to the place of filing individual income tax returns, it is necessary to bear in mind the difference between the "collection" district and the "judicial" district.  *Warring* at 549.

The venue in this case is the Central District of Illinois.  The jurisdiction to act is tied to the collection districts.  Respondent is not now in any collection or revenue district.

Pursuant to the authority granted in 26 U.S.C. Sec. 7805(a), the Secretary of the Treasury created the Internal Revenue Service, as established at 26 CFR Part 600, and in particular, at 26 CFR 601.101.  See *Cameron v. Internal Revenue Service*, 593 F.Supp. 1540 (N.D. IN 1984):

"...It is clear that Congress gave the Secretary of the Treasury full authority to administer and

enforce the Internal Revenue Code, 26 U.S.C. Sec. 7801, and the power to create an agency to administer and enforce the laws.  See 26 U.S.C. Sec. 7803(a).  Pursuant to that legislative grant of authority, the Secretary of the Treasury created the IRS, 26 CFR 601.101, so that the IRS is an agency of the Department of the Treasury.  *Id.* at 1549.

The IRS, as an agency of an executive agency, is tied to the seat of government unless expressly authorized by law.  The only express authorization of law to allow the enforcement and administration of the Internal Revenue laws outside Washington, D.C., is 26 U.S.C. Sec. 7621.  See *Hughes v. United States*, 953 F.2d 531 (9th Cir. 1992):

> "To support this contention, they rely on 4 U.S.C. Sec. 72, which states that '[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law.'  This Section does not foreclose *the exercise of authority by the IRS outside of the District of Columbia.  The President is* authorized to establish internal revenue districts for the purpose of administering the internal revenue laws, and these districts can be created outside of Washington, D.C.  See 26 U.S.C. Sec. 7621.  *Id* at 542.

The Tenth Circuit in *Lonsdale v. U.S.*, 919 F.2d 1440, 1447 (10th Cir. 1990), found:

> ..."and descriptions permitting an understanding of the organization of the Internal Revenue Service are published by statute and in the Code of Federal Regulations.  *See e.g.*, 26 U.S.C. Sec. 7801-7810; 26 CFR Part 600, *et seq.*, ...
> For more than half a century, the President, or more particularly the Secretary of the Treasury

through a delegation order, did create internal revenue districts.  The last variation of that district structure occurred in 1994.  Within the regulation creating the Internal Revenue Service, this district structure is incorporated.  26 CFR 601.101, in part, states:

> Sec. 601.101 Introduction. (a) General. The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate [[Page 6]] direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. Within an internal revenue

district the internal revenue laws are administered by a district director of internal revenue.

For purposes of these procedural rules any reference to a district director or a district office includes the Director, Foreign Operations District, or the District Office, Foreign Operations District, if appropriate. Generally, the procedural rules of the Service are based on the Internal *Revenue Code of 1939 and the Internal Revenue Code of 1954, and the procedural rules in* this part apply to the taxes imposed by both Codes except to the extent specifically stated or where the procedure under one Code is incompatible with the procedure under the other Code. Reference to sections of the Code are references to the Internal Revenue Code of 1954, unless otherwise expressly indicated. (b) Scope. This part sets forth the procedural rules of the Internal Revenue Service respecting all taxes administered by the Service, and supersedes the previously published statement (26 CFR (1949 ed., Part 300-End) Parts 600 *and 601) with respect to such procedural rules.*        *26 CFR 601.101 (2011).*

This is the current law for the administration of the Internal Revenue Laws. District Directors within an Internal Revenue District still control the operations of the Internal Revenue Laws.  In particular, 26 CFR 301.6301-1, states:

Sec. 301.6301-1 Collection authority. General Provisions The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue. See, however, section 6304, relating to the collection of certain taxes under the provisions of the Tariff Act of 1930 (19 U.S.C. ch. 4).

The District Director is defined as follows:

Sec. 301.7701-10 District director. The term district director means the district director of internal revenue for an internal revenue district. The term also includes the Assistant Commissioner (International). [32 FR 15241, Nov. 3, 1967, as amended by T.D. 8411, 57 FR 15241, Apr. 27, 1992]

Thus, the district director, within his internal revenue district as described by 26 U.S.C. Sec. 7621 and 26 CFR 601.101, shall collect all taxes allegedly due and owing, and the District Director means only District Director; and internal revenue district means the district structure required by 26 U.S.C. Sec. 7621.  If property is sold, or taxes collected, it is to the district director that such monies are paid.  If a district needs to be canvassed for purposes of ascertaining whether taxes are owed, or

returns need to be completed, it is the district director in his district who is responsible for such procedures.  26 CFR 301.7601.

PART 301_PROCEDURE AND ADMINISTRATION--Table of Contents Judicial Proceedings Sec. 301.7406-1 Disposition of judgments and moneys recovered. All judgments and moneys recovered or received for taxes, costs, forfeitures, and penalties shall be paid to the district director as collections of internal revenue taxes.

Finally, it is important to understand the Congressional mind set and the Secretary's intent for internal revenue districts.

The Court in *Lonsdale* cited Treasury Decision Order 150-10, dated April 22, 1982, which directs the Secretary of the Treasury delegate to the Commissioner of the Internal Revenue the "responsibility for administration and enforcement of the internal revenue laws." *Lonsdale*, 919 F.2d at 1445 n.3.  The Federal Register from 1973 describes yet more deeply the operational procedures of the Internal Revenue Service.

In order to facilitate its distribution and use, Part 601 of Chapter 1 of Title 26 Code of Federal Regulations is hereby republished.  Part 601.  Miscellaneous Amendments.  This document contains miscellaneous amendments to the Statement of Procedural Rules (26 CFR Part 601) which was last amended on January 21, 1972.  37 FR 1016.  The Statement of Procedural Rules sets forth the procedural rules of the Internal Revenue Service respecting all taxes administered by the Service.  Subpart A (601.101 et seq.) provides a descriptive statement of the general course and method by which the Service's function are channeled and determined, insofar as such functions relate generally to the assessment, collection and enforcement of internal revenue laws. 38 FR 4954, 4955, Federal Register Vol. 38, No. 36 Friday, February 23, 1973.

As stated in the Federal Register from 1973, the procedural rules provides a "descriptive statement of the general course and method by which the Service's function are channeled and determined by the Service."  The Service, the IRS, is directed by the Secretary to operate through the district structure.

Further, 26 CFR 601.104 provides additional guidance in the requirements of the district director doing the collections within his internal revenue district.

PART 601_STATEMENT OF PROCEDURAL RULES--Table of Contents Subpart A_ General Procedural Rules Sec. 601.104 Collection functions.

(c) Enforcement procedure--(1) General. Taxes shown to be due on returns, deficiencies in taxes, additional or delinquent taxes to be assessed, and penalties, interest, and additions to taxes, are recorded by the district director or the director of the appropriate service center as ``assessments.'' *Under the law an assessment is prima facie correct for all purposes. Generally, the taxpayer bears the* burden of disproving the correctness of an assessment. Upon assessment, the district director is required to effect collection of any amounts which remain due and unpaid. Generally, payment within 10 days from the date of the notice and demand for payment is requested; however, payment may be required in a shorter period if collection of the tax is considered to be in jeopardy. When collection of income tax is in jeopardy, the taxpayer's taxable period may be terminated under section 6851 of the Code and assessment of the tax made expeditiously under section 6201 of the Code. (2) Levy. If a taxpayer neglects or refuses to pay any tax within the period provided for its payment, it is lawful for the district director to make collection by levy on the taxpayer's property.

(4) Penalties. In the case of failure to file a return within the prescribed time, a certain percentage of the amount of tax (or a minimum penalty) is, pursuant to statute, added to the tax unless the failure to file the return within the prescribed time is shown to the satisfaction of the district director or the director of the appropriate service center to be due to reasonable cause and not neglect.

26 CFR 601.104 again makes it clear the district director in his internal revenue district is responsible for the collection of the taxes alleged due and owing. This summons enforcement petition seeks to mandatorily require Respondent to prepare tax returns, and if taxes would be determined owed, then collection of taxes alleged due and owing. The district director in his internal revenue district has mandatory duties with respect to this collection. Remember, district director does not define any delegated official or delegated authority; the district director is and can only be the district director. 26 CFR 601.7701-10. (1990-2011).

The regulations that provide this structure and guidance in the operations of the Internal Revenue Service have not changed in 20 years. Thus, if the structure of the IRS has not changed,

then the Secretary has authority to operate the IRS through the internal revenue district structure.

However, the structure has changed.

**The Restructuring and Reform Act of 1998, Section 1001(a), P.L. 105-206, Title I, Subtitle A, 112 Stat. 689, dated June 22, 1998.**

On June 22, 1998, Congress directed the Commissioner of Internal Revenue "shall develop and implement a plan to reorganize the Internal Revenue Service." See Section 1001(a).  The Plan shall:

1) supercede any organization or reorganization of the Internal Revenue Service based on any statute or reorganization plan applicable on the effective date of this section;

2) eliminate or substantially modify the existing organization of the Internal Revenue Service which is based on a national, regional, and district structure;

3) establish organizational units serving particular groups of taxpayers with similar needs.

Under Section 1001(b) entitled "Savings Provision" Congress directs (2) "Continuing effect" of all Rules an Regulations and other administrative actions:  "shall continue in effect according TO THEIR TERMS until modified, terminated, superceded, set aside, or revoked in accordance with law..."

Although Congress refers to only rules and regulations, this term "regulation" means either regulations based upon a specific grant of authority or general regulations pursuant to 26 U.S.C. 7805(a).  26 U.S.C. Sec. 7621 and 26 CFR 601.101 were not modified, terminated, superseded, set aside or revoked in accordance with the law.  Thus, pursuant to the current law, the internal revenue district structure continues.

-7-

**The Code of 1954, Ch. 736, 68A, Stat. 904, as amended, June 25, 1959, P.L. 86-70, Section 22(e), 73 Stat 146, as further amended, October 4, 1976, P.L. 94-455, Title XIX, Section 1906(a)(53), 90 Stat. 1832**

26 U.S.C. 7621, as amended, directs the President to establish Internal Revenue Districts. The decision in *Lonsdale* is necessarily based upon the President establishing such revenue districts for the administering and enforcement of internal revenue laws.  The issue then is did Section 1001(a) of the Restructuring and Reform Act of 1998 repeal 26 U.S.C. 7621, and a host of other Statutes and Regulations that rely upon section 7621?

**(c).  Section 1001(a) did not repeal 26 U.S.C. Section 7621.**

26 U.S.C. 7621 remains current valid law and has not been repealed.  No matter whether the Petitioner argues that Section 1001(a) repealed what is codified at 26 U.S.C. 7621, Section 1001(a) states the "Plan of the Commissioner" is to "supercede any organization...of the Internal Revenue Service."  The organization expressed by the 10th Circuit in *Lonsdale*, 919 F.2d at 1448, does not exist.  However, "IRS" is defined before June 22, 1998, (*Lonsdale* was dated in 1990), and the IRS had been defined by 601.101 for decades before *Lonsdale*.  The Secretary has had 12 years to fix 26 CFR 601.101, or 26 CFR 301.6301-1, or 26 CFR 301.7406-1, or 26 CFR 301.7701-10, or any of the other dozens or hundreds of regulations referring to district director within his internal revenue district.  Rather than change these regulations, the Secretary continues to re-print the regulations each year.  Thus, pursuant to the current law, the internal revenue district structure continues.

**Non-Specific Repeal is Not Favored**

The Supreme Court has said repeals by implication are not favored.  See *Morton v. Manion*, 417 U.S. 535, 549 (1974); citing *U.S. v. Bordon Co.*, 308 U.S. 188 (1939); see also *Yelllowfish v.*

-8-

*City of Stillwater*, 691 F.2d 926, 928 (10th Cir. 1982)  If repeal is implicated, the "intention of the legislature to repeal must be clear and manifest."  *Posadas v. National City Bank fo New York*, 296 U.S. 497, 503 (1936).  The canon is against implied repeal.  *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (n.3)(2005).  "The crucial consideration is what Congress intended."

The rule is where provisions in two acts are in irreconcilable conflict by the latter act to the extent of the conflict, constitutes an implied repeal of the earlier one: "if the latter act covers the whole subject of the earlier one, and is cleary intended as a substitute, it will operate similarly as a repeal of the earlier act."  Quote from *Plains Elect. Generation and Trans. Coop. Inc. v. Pueblo of Laguna*, 542 F.2d 1375, 1376 (10th Cir. 1976)(quoting *Pasadas*, 296 U.S. at 503.  The Secretary's own actions do not support such an implied repeal.

The Secretary's own actions demonstrate that repeal by implication is not justified.  Every year since 2000, on April 1, the Secretary has re-printed the yearly regulations concerning the Internal Revenue Code, pursuant to his authority under 26 U.S.C. Sec. 7801 et seq., including Sec. 7805(a). Each year, he has continued to publish the same version of numerous regulations, including 26 CFR 601.101- 601.107 (2000 to 2011) referencing both internal revenue district and district director; 26 CFR 301.6201 ("assessment") the Secretary of the Treasury authority to assess continues to be delegated to the district director (2000 to 2011);  26 CFR 301.6301 ("collection") solely designates collection authority to the district director; 26 CFR 301.6331, authority to levy is under the direction of the district director; 26 CFR 301.6402(a)(2), taxpayers must file claims in the service center of the internal revenue district as a jurisdictional requirement; 26 CFR 301.7406-1, describes that any monies collected in an action such as this would be paid directly to the district director; 26 CFR 301.7701-10 defines "district director of internal revenue for an internal revenue district," as only the

-9-

district director, not a delegate; and 26 CFR 301.7601-1 directs each district director to cause

"officers and employees under HIS SUPERVISION to proceed through "his district and inquire ..."

If the Secretary keeps re-printing and publishing the same regulations referencing internal

revenue districts and district directors, can it be said that he believes such positions and offices are

no longer needed?  Further, the Courts are still following these re-printed and newly published

regulations, as was seen in *Peoples Source Int'd LLC v. U.S.*, 198 Fed Appx 776, 779 (10th Cir.

2006), and *Green v. U.S.*, U.S. App.Lexis 13652 (10-5133)(10th Cir. 2011).  Courts are requiring

taxpayers to comply with submitting documents and claims to the district director in his internal

revenue district.

### Previous cases addressing No internal revenue districts

A case from here in the Seventh Circuit considered a claim by a defendant on appeal that there

were no internal revenue districts, and as such, the defendant could no longer be prosecuted for

violations of 26 U.S.C. Sec. 7203.  In *United States v. Gorman*, 393 F.2d 209, (7th Cir. 1968), the

Court found as follows:

> Section 6091 of the Internal Revenue Code of 1954 (26 U.S.C. Sec. 6091) requires
> individuals to file their income tax returns in the internal revenue district of their legal
> residence or place of business.  Defendant contends that there is no venue on the ground that
> *neither the President nor his delegate, the Secretary of the Treasury, has established any*
> internal revenue districts under Section 7621 of said Code (26 U.S.C. Sec. 7621) which
> provides: Sec. 7621.  Internal revenue districts.  (a) Establishment and alteration – The
> President shall establish convenient internal revenue districts for the purpose of administering
> the internal revenue laws. The President may from time to time alter such districts.
>
> (b) Boundaries
>
> For the purpose mentioned in subsection (a), the President may subdivide any State, or the
> District of Columbia, or may unite into one district two or more States.
>
> This contention ignores Section 7851(b)(2) of the Code (26 U.S.C. Sec. 7851(b)(2), which
> provides: (b)  Effect of repeal of Internal Revenue Code of 1939

-10-

(2) Existing offices

The repeal of any provision of the Internal Revenue Code of 1939 shall not abolish, terminate, or otherwise change—

(A) any internal revenue district,

In 1946 the Secretary of the Treasury divided Illinois into two collection districts, with Cook County, in which Chicago and Oak Park are situated, in the First District (11 F.R. 177A, p. 28). Except for changes in nomenclature (collection district to revenue district), Illinois has subsequently retained the same two collection districts. Inasmuch as Chicago and Oak Park are in the First Collection District (now entitled "District Director, Internal Revenue Service, Chicago, Illinois), venue was properly laid in the Northern District of Illinois. *Id* at 214-15.

*Gorman* makes it clear that the prosecution of the defendant in that case depended upon the internal revenue districts. Without those districts, the case would have failed. Equally, the obligation of a taxpayer to fulfill the requirements of a statute must be meticulously followed. Failure to follow every aspect of such a regulation can, and often does, result in the failure of the taxpayer to prevail. As an example, *Alnutt v. CIR*, 523 F.3d 406 (4th Cir. 2008) provides guidance on two points.

First, the defendant failed to comply with delivery of his tax returns to the district director in his internal revenue district by delivering a blue-ink copy of his tax return to an IRS employee in the Baltimore, MD district headquarters in that internal revenue district on the floor where the district director's office was located, but did not give it to the district director. When it says deliver a document to the district director in his internal revenue district office, it means only the district director, unless he has created a specific office and employee to accept the documents. Often, he does not create such an office, so the document must be delivered to him. *Alnutt* at 412-413. Delivering copies to an unnamed individual without disclosing what was in the sealed envelope, even though it was at the correct building on the correct floor, was For "anything but meticulous". *Id.*

-11-

For other cases where the taxpayer had to send a document to the district director, consider the following. In *Crump v. U.S.,* 29 Fed. Appx 556, 558-59 (10th Cir. 2002), 2 years after David C. Williams informed Congress all internal revenue districts and district director offices addressed by the *Lonsdale*-era organization were closed down, as "superceded", the Tenth Circuit found "regulations allow the relevant district director to order the sale of property outside of the county where the property is located..." Citing 26 CFR 301.6335-1(c)(1). In *U.S. v. Dawes,* 161 Fed. Appx 743, 745 (10th Cir. 2005) a panel of the Tenth Circuit refused to address whether "the Secretary must establish internal revenue districts" because it found Dawes failed to support his argument with any authority.

In *Peoples Source Int'd LLC v. U.S.,* 198 Fed Appx 776, 779 (10th Cir. 2006) another Panel of this Court dismissed an appeal affirming the dismissal by the District Court for lack of subject matter jurisdiction holding: "unless the party submits to the DISTRICT DIRECTOR of the DISTRICT having JURISDICTION over the dispute...". In other words, the *Peoples* panel found that the claimant sent the claim to the wrong party, and should have sent the claim to the district director of the district having a claim over the dispute, and the district director has denied the claim. Specifically, *Peoples* stated the following:

> Taxpayers sent their letter to the wrong place and filed suit without allowing a reasonable period to respond. Their fax of October 4, 2005, went to Group Manager Linda Farmer and Revenue Officer Angela Rizor, not to the district director; ... *Id.*

In *Goodman v. U.S.,* 185 Fed Appx 725, 728,-29 (10th Cir. 2006), yet another panel of the Tenth Circuit denied extraordinary relief against an "agent" "of the District Director" explaining "according to the government the District IRS Form 4340 is an official document...."

One last case from the district court in New Mexico is also insightful. In *Dzula v. United*

*States*, 2009 U.S. Dist. Lexis 13423 (Dist. NM 2009), that Court stated:

> Pursuant to 26 U.S.C. Sec. 7422(a): No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or *of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim* for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. IRS regulations set out the following major requirements for a refund claim to be "duly filed": (1) "the claim with appropriate supporting evidence must be filed with the service center serving the internal revenue district in which the tax must be paid," and ..." 26 CFR 301.6402-2(a)(2); 26 CFR 301.6402-2(b)(1).

As one of the reasons for denying the *Dzula* claim for refund, the Court found that:

> "the refund claims Mr. Dzula allegedly mailed to the IRS in March, 2005 did not comply with 26 CFR 301.6402-2. Mr. Dzula asserts that he mailed the refund claims to an IRS office in Phoenix, Arizona; however, his refund request should have been mailed to the IRS service center in Austin, Texas."

*In other words, Dzula allegedly sent the form to an IRS office, just not the correct IRS* regional service center serving the internal revenue district where the tax was required to be paid. (Referencing back to 26 CFR 1.6091-2 and 26 CFR 1.6151-1. Of course, the *Dzula* Court did not address at all the fact that there was no IRS regional service center serving the internal revenue district where the tax was required to be paid as of March, 2005. It merely relied upon the regulations as written, and found, as one of the reasons to deny relief, that *Dzula* did not follow the requirements of the regulations.

Finally, *Green v. U.S.*, U.S. App.Lexis 13652 (10-5133)(10th Cir. 2011), holding a taxpayer must filed a claim under 26 CFR 301.6402-2(a)(2) in the "service center" of the "internal revenue district" as a "jurisdictional requirement". Thus, in order for the taxpayers to assert rights, they must comply with the obligation to contact or provide notice to the district director in the internal revenue district having authority over the issue.

-13-

The second part of *Alnutt* is short and to the point.  There are **no internal revenue districts.**

In *Allnutt v. CIR*, 523 F.3d 406, 408 (n.1) (4th Cir. 2008) the 4th Circuit found such office of District

Director "now defunct."  There are no internal revenue districts and there are no district directors,

although the Office of Chief Counsel recently instructed Respondent to contact the revenue officer

in the internal revenue service district where he lived.   The specific person and more importantly the

specific office necessary to provide jurisdictional authority to operate simply do not exist.

If 26 U.S.C. Sec. 7621 requires internal revenue districts and such districts are required to

provide the territorial jurisdictional basis for the "due administration of the internal revenue laws",

how can there be authority to exercise such enforcement procedures   Pursuant to the summary of

general tax procedures, everything is tied to the district director of internal revenue or the internal

revenue service center in the internal revenue district.


PART 601_STATEMENT OF PROCEDURAL RULES--Table of Contents Subpart A_General
Procedural Rules Sec. 601.103 Summary of general tax procedure. (a) Collection procedure. The
Federal tax system is basically one of self-assessment. In general each taxpayer (or person required
*to collect and pay over the tax) is required to file a prescribed form of return which shows the facts*
upon which tax liability may be determined and assessed. Generally, the taxpayer must compute the
tax due on the return and make payment thereof on or before the due date for filing the return. If the
taxpayer fails to pay the tax when due, the district director of internal revenue, or the director of the
regional service center after assessment issues a notice and demands payment within 10 days from
the date of the notice.
... (3) Claims for refund. After payment of the tax a taxpayer may, within the applicable period of
limitations, contest the assessment by filing with the district director a claim for refund of all or
any part of the amount paid, except with respect to certain taxes determined by the Tax Court, the
decision of which has become final.


The statutes and regulations require a internal revenue districts which are headed by a district

director.  This is necessary to comply with the obligations of 26 U.S.C. Sec. 7621, which is

complying with 4 U.S.C. Sec. 72.  There is no other reasonable reading of these statutes.

Where exactly, under the current structure of no Internal Revenue District and no District Director would *Peoples* have properly sent a letter, and how does any rationale under that case make sense considering the fact no Internal Revenue District and no District Director, yet are specifically referenced by statute and regulation that such are to receive and respond to such letters.  It appears to mean internal revenue districts and district directors are still supposed to exist and operate.

### Other Court Cases

Other courts around the country have tried to make sense of the RRA changes and what those changes mean.  First, Section 3445 of the Restructuring and Reform Act of 1998 reads as follows: "(2) Certain business assets-Property (other than principal residence) described in subsection (a)(13)(B) shall not be exempt from levy if--(A) a district director or assistant district director of the Internal Revenue Service personally approves (in writing) the levy of such property:"  Section 3445 is codified at 26 U.S.C. Section 6334(e)(2)(A) which reads:  "a district director or assistant district director of the Internal Revenue Service personally approves (in writing the levy of such property."  "The New regulation is not retroactive.  However, because the district director position no longer existed when the IRS levied the TPS account, it would be Kafkaesque to require Floormasters to send its request to the non-existent district director as a condition of subject matter jurisdiction."  *DT Floormasters, Inc., v. U.S.* 2008 U.S. District of Indiana Lexis 52827.  Nevertheless, as seen in the cases in the previous section, courts have required letters be sent to the non-existent district director.

*Cupepper - Smith v. U.S.*, 1998 U.S. District Lexis 13220 (District of Pennsylvania) quotes 6334 right after it was codified.  Four years later it was changed.  In 301.6334-1(e) "district director" is

-15-

changed to "area director" in 2003.

In Re Rugruden, 2012 Bankruptcy, Lexis 4488 (N.D. California) it reads this:  "In fact, Section 6338(b) requires the Secretary-i.e., the IRS district director- to execute the deeds.".  In *Galvez v. IRS*, 448 Fed. Appx 880, 882 (11th Cir. 2011) speaking about an August 9, 2010, letter from the IRS, the Court explained the letter directed the taxpayer to request an administrative review from the area director.  This case goes on to say:  "The district director determines whether the assessment or jeopardy levy was reasonable and whether the assessment amount was appropriate. IRS Section 7429(a)(3); Treas Reg. Section 301.7429-2(b)".  There is no area director in the regulation of 301.7429-2(b).  The Court tried to change what the Secretary could have changed, and as was seen in 301.6334-1, the Secretary knows how to change a regulation.

In *U.S. v. Living Word Christian Ctr*, 2009 U.S. District Lexis 6902 (D. Minn. 2009), the statute under review required an "appropriate high-level Treasury official" to be involved.  Further, the status was defined as the "Secretary of the Treasury or any delegate of the Secretary whose rank is no lower that that of a principal Internal Revenue officer for an internal revenue region."  See 26 U.S.C. Section 7611(h)(7).

Section 7611 is entitled Restriction of Church Tax Inquiry and Examination.  "(2) Reasonable belief requirements-The requirements of this paragraph are met with respect to any church tax inquiry if an appropriate high-level Treasury official reasonable believes (on the basis of facts and circumstances recorded in writing) that the Church (A) may not be exempt, by reason of its status as a church, from tax under Section 501(a); (B) may be carrying on an unrelated trade or business (within the meaning of Section 513) or otherwise engaged in activities subject to taxation under this Title."

On November 4, 2012, The Tulsa World ran an associated press story entitled "IRS NOT ENFORCING CHURCH RULES" and reads: "The IRS monitors religious and other non profits on issues such as salaries, and that oversight continues. However, Russell Renwicks, a manager of the IRS Mid-Atlantic region recently said the agency had suspended audits of churches suspected of breaching Federal restrictions on political activity. A 2009 federal court ruling required the IRS to clarify which high-ranking official could authorize autdits over the tax code's political rules. The IRS has not yet done so."

So, the Government claims that the district directors have been replaced by area directors. Also, the Secretary has demonstrated knowledge of how to change a regulation to replace district director with area director, or other proper officer or high ranking officials. Yet, the Secretary has written **no regulation** that changes district director in all instances to area director. Yet, the Secretary has written **no regulation** that changes internal revenue districts to areas or to some other mythical territorial location. Yet, the Secretary has written **no regulation** changing districts and district directors in 26 CFR 301.7601 or in 301.7406 (monies go to the district director). Yet, the Secretary has written **no regulation** defining what is an "other proper officer" or "high ranking official".

Knowing how to change a regulation, and not changing a regulation, even regulations requiring technical specific activities, demonstrates an intention to continue to follow the district director / internal revenue district structure. Knowing this, Respondent submitted a letter requesting information from OCC and from Mr. Bettinger explaining what district Respondent was in, and who had authority to operate in that district. No response was forthcoming. Failure to respond to a specific and detailed question causes only one conclusion: the Secretary has failed to demonstrate

-17-

condition precedential authority to proceed on a summons petition because the Secretary has failed to demonstrate authority to act outside of an internal revenue district structure.  It is territorial, and virtually all federal agencies, bureaus and instrumentalities operate in a territorial structure.  Courts (*Lonsdale, Gorman*) have previously found the IRS has authority to operate because it was in a district (territorial) structure.  To hold otherwise now effectively neuters the federal limitation on powers.

### The United States must also comply with Substantive Regulations

Numerous regulations have not been amended since October, 2000, (they have been repeatedly reprinted) and still reflect the fact that district directors are responsible for all collections of taxes under the internal revenue laws.  The fact that the regulations, which are written by the Secretary, have not been changed is revealing, and the meaning clear.  The Secretary did not intend to eliminate the internal revenue district and district director structure when the Commissioner proposed a reorganization.  Taxpayers can rely upon the fact that the regulations have not changed. "The treasury regulations are binding on the Government as well as on the taxpayer.  'Tax officials and taxpayers alike are under the law, not above it'." *United States v. Brafman*, 384 F.2d 863, 866 (5th Cir. 1967).

The process of liens and levies are a small portion of the overall authority just addressed. Since the district directors performed these functions within the internal revenue districts, and neither now exist, the Commissioner had no authority to seek to lien or levy the property of Respondent. This may seem harsh, or it may seem to be a technical defense, but with respect to that issue, Respondent quotes the following case, *United States v. Brafman*, 384 F.2d 863, 866 (5th Cir. 1967).

We recognize that in sustaining Mrs. Brafman's contention regarding lack of proper assessment within the statute of limitations period we are disposing of this case on what could be termed a 'technical defense'. As the district court said in *United States v. Lehigh*, 201 F.Supp. 224, 234 (W.D.Ark. 1961), *this is both true and immaterial. Any procedural defense* is in a sense 'technical'. The procedures set forth in the Internal Revenue Code were prescribed for the protection of both Government and taxpayer. Neglect to comply with those procedures may entail consequences which the neglecting party must be prepared to face, whether such party be the taxpayer or the Government.

Stated another way, the statutes and regulations governing the internal revenue laws are written for both the Government and the Taxpayer to have a clear and precise understanding of what is expected of the other. In *Reece v. Scoggins*, 506 F.2d 967 (5th Cir. 1975), the taxpayer brought an action claiming that the district director in his internal revenue district did not comply with clear Congressional mandates in selling his land to satisfy a tax deficiency. The Fifth Circuit concluded that the Secretary did not comply, ultimately in any way, with 26 CFR 301.6335-1(b)(1), and as a result, the Secretary's attempt to sell the property was deemed voidable ab initio. *Id* at 970. The *Reece* Court went on to finish the opinion as follows:

> We, of course, express no opinion as to the legitimacy of the IRS's deficiency assessment in this case, and we do not condone a taxpayer's failure to pay income taxes required by law. We merely conclude that when the government seeks to enforce the laws, it must follow the steps Congress has specified. *Id* at 971.

*Reece* challenged a number of issues concerning the propriety of the Secretary's actions, including the assessments, the notices within the internal revenue districts, and the proper process of seizing and selling property. The issues are not identical to the issues in this case, but they are similar, and the United States alleges it is entitled to proceed without demonstrating that it truly is entitled to proceed with the foreclosure.

### Allegations in the Petition

The Complaint alleges that jurisdiction is based upon 7604(e) without reference to 7601, and

its implementing regulation 7601.  7601 involves the canvassing of the internal revenue districts.  301.7601 requires the district director to canvass his internal revenue district.  Neither happened in this instance.  There are no districts.

The Petition is to a) enforce an IRS summons, b) that jurisdiction exists, c) that RO Meentz is a duly commissioned and authorized IRS officer, d) that RO Bettinger was seeking information, and had served a summons on Respondent, e) that Respondent appeared, but refused to comply, f) that all administrative steps had been taken.  Respondent objects to points b) c) d) e) and f).  Respondent notes that a petition was filed.  Whether Mr. Bettinger, Ms. Meentz and Petitioner have the authority to take the steps sought is the basis of this Motion to Dismiss.

No delegation orders were submitted demonstrating how authority exists at this time for RO Meentz to proceed in this matter.  The declaration of RO Meentz does not demonstrate that RO Bettinger had the authority to initiate the summons process.  The declaration of RO Meentz does not demonstrate how she or any individual has the authority to operate outside of an internal revenue district.  The declaration of RO Meentz does not demonstrate how she or any individual can seek information without the direction of the district director, which office still controls the process under 7601 and its other provisions.  Without all of this information, all administrative steps have not been taken.

Respondent has consistently questioned Mr. Bettinger and the IRS on the authority to take actions based upon the issues submitted in this motion to dismiss.  The letter sent back to Respondent by the Office of Chief Counsel refers to the Internal Revenue Districts and the district in which Respondent resides.  That letter was not attached to the Petition to demonstrate a good faith effort to demand performance.  The failure to attach the letter, and the failure to address the fact that the

letter existed and referred to districts, is a demonstration of the lack of condition precedent performance necessary to initiate the summons enforcement proceeding.  It stands that there are allegedly supposed to be internal revenue districts.  The problem is, the Courts now state that no such districts exist.  Thus, no evidence has been presented that all administrative steps have been taken.  In fact, Mr. Bettinger refused to discuss this very question, as is seen by the references in the letters attached to the petition..

The Petitioner has argued that district director is no longer important in the other cases referenced.  Even if it can be argued that district director in 301.6201, or 301.7601, or 301.6301, or 7701 does not mean district director, which would appear to be in direct contradiction of the language of the regulations, there can be no doubt that the district director, or some other official, still must be operating within the internal revenue districts under the current law.  Yet, no such districts exist, thus the warnings from the *Brafman* and *Reece* cases apply.  The United States can not proceed until it complies with its own statutes and regulations.

As stated previously, all collection functions were delegated to the district director in his internal revenue district.  Since neither exist, and no new delegated individual in a statutory or regulatory structure has been identified, the warnings from the *Brafman* and *Reece* cases apply.  The United States can not proceed until it complies with its own statutes and regulations.  Respondent believes the United States is not properly entitled to pursue the petition in this case.

Since the alleged activities within this proceeding demonstrably must be performed by a district director within his internal revenue district, Respondent believes the United States is not entitled to pursue enforcement of the summons at this time, and will not be able to proceed until it demonstrates that it has complied with 26 U.S.C. Sec. 7621, as directed by 4 U.S.C. Sec. 72.

-21-

Therefore, Respondent seeks the protection as stated by *Brafman* and *Reece*. Until the United States has demonstrated that it has complied, Respondent does not believe the Petition can state a cause of action upon which relief can be granted. Otherwise, where the law ends, tyranny begins.

## CONCLUSION

For all of the reasons stated herein, Respondent moves to Dismiss and/or Strike this Petition until the United States demonstrates it has complied with the statutes and regulations stated herein. Dated this 3rd day of January, 2013.

Jerold Barringer, Respondent,

Jerold W. Barringer
200 W. Front Street, P.O. Box 213
Nokomis, IL 62075
(217) 563-2646
jbarry@consolidated.net

## CERTIFICATE OF ECF/CM SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served by First Class Mail upon Hilary Frooman at U.S. Attorney's Office 318 South Sixth Street Springfield, IL 62701 on the 3rd day of January, 2013.

/s/ Jerold W. Barringer