UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12-3324 |
| ) | |
| JEROLD BARRINGER, ) | |
| ) | |
| Respondent. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Petitioner, the United States of America, filed a Petition to Enforce Internal Revenue Service Summons (Petition) (d/e 1).  This matter is now before the Court on Respondent Jerold Barringer's "Motion to Dismiss" (Motion) the Petition (d/e 4).  The Motion is more akin to a Motion to quash the summons issued by the Internal Revenue Service (IRS).  Respondent maintains that because of the lack of internal revenue districts and "district directors", the United States is without authority to issue the summons.  Respondent's Motion is DENIED.

I. BACKGROUND

In August 2011, Mark J Bettinger, an IRS officer, served Respondent with a summons.  The summons  required Respondent to appear before Bettinger on

September 6, 2011, and give testimony related to Respondent's tax liability for tax years 2001, 2002, 2003, 2004, 2005, 2006, and 2007.  The summons also instructed Respondent to bring all documents and records in his possession that related to income Respondent received during those years.  Respondent has refused to comply with the summons.

On November 30, 2012, the United States filed the Petition.  This Court ordered Respondent to appear before the Court to show cause why he should not be compelled to obey the IRS summons served upon him in August 2011.  The Court ordered Respondent to appear in court on January 14, 2013.  In the meantime, Respondent filed the Motion, in which he argues the United States does not have the authority to issue the summons.  In its response, the United States asserts that the Motion should be denied because the bureaucratic restructuring of the IRS did not eliminate the statutory requirement that United States citizens file tax returns under the circumstances set forth in the tax statutes.  The United States also noted several cases in which Respondent's argument has been rejected.

At the January 14, 2013 hearing, Respondent stated that if the Court rejected the arguments contained in his Motion regarding the structure of the IRS, the Court could compel him to comply with the summons.  The Court orally denied the Motion and ordered Respondent to comply with the summons.

## II.  ANALYSIS

If an IRS summons is challenged, the United States must meet the requirements for enforcement set out by the United States Supreme Court in <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).  Those factors have been applied by the Seventh Circuit, which described the factors as follows:

> [T]he government must make a prima facie case that the IRS issued the summons in good faith . . . .  The government must only show: the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons.  The government typically makes that showing through the affidavit of the revenue agent conducting the audit.

<u>2121 Arlington Heights Corp. v. IRS</u>, 109 F.3d 1221, 1224 (7th Cir. 1997) (citations omitted).

Instead of addressing these factors, Respondent challenges the authority of the United States to seek enforcement of the summons.  As stated, the crux of Respondent's Motion is that the Internal Revenue Service Restructuring and Reform Act or 1998, Pub.L. No. 105-206, 112 Stat. 685 (1998) (Restructuring and Reform Act) eliminated internal revenue districts and district directors.  Respondent cites 26 C.F.R. 301.6301-1, which states that "[t]he taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue."  Because the position of district director no longer exists, "and no new

delegation individual in a statutory or regulatory structure has been identified", the United States does not have the authority to proceed with enforcement of the summons.

This argument has been rejected by the United States Tax Court in <u>Grunsted v. Commissioner</u>, where the court stated as follows:

> The IRS has been reorganized several times in recent history. The district director position and responsibilities were assigned to others after the Internal Revenue Service Restructuring and Reform Act of 1998(RRA), Pub.L. 105–206, 112 Stat. 685, required the Commissioner to eliminate or substantially modify the IRS' national, regional and district structure.  To ensure continuity of operations, the RRA specifically included a savings provision. Id. sec. 1001(b).  The savings provision applies to keep in effect regulations that refer to officers whose positions no longer exist.  It also provides that nothing in the reorganization plan would be considered to impair any right or remedy to recover any penalty claimed to have been collected without authority.
> Furthermore, IRS Deleg. Order 1– 23 (formerly IRS Deleg. Order 193, Rev. 6), Internal Revenue Manual pt. 1.2.40.22 (Nov. 8, 2000) allows directors, submission processing field, compliance services field and accounts management field to appoint assessment officers. This order further implemented Congress' intent that the IRS' normal duties, including that of assessment, not be obstructed by the reorganization.

136 T.C. 455, 461 (2011) (citations omitted).  Moreover, as the United States points out in its Reply to Respondent's Motion, Respondent is an attorney and has taken this position as an advocate for his clients in other courts and this position has been rejected.  See <u>United States v. Sanders</u>, 2012 WL 4088823, at *7 (S.D. Ill.

2012) (calling Respondent's argument "patently frivolous" and "meritless"); United States v. Springer, No. 10-5037, Order (10th Cir. July 28, 2011) (ordering the clerk of the Tenth Circuit to initiate a disciplinary case against Respondent after stating that "these types of spurious delegation arguments have been consistently rejected as patently frivolous"); United States v. Miller, 444 Fed. Appx. 106 (8th Cir. 2011).  The Court agrees with the reasoning set forth in Grunsted, and repeated in Sanders, Springer, and Miller.  Accordingly, the Court finds that the United States has the authority to issue and proceed with enforcement of the summons.  Because the United States has satisfied the Powell factors, Respondents Motion, which seeks to dismiss or quash the summons, is denied.

### III. CONCLUSION

THEREFORE, the United States Petition (d/e 1) is GRANTED and Respondent's Motion (d/e 4)is DENIED.  Respondent must comply with the IRS summons by February 7, 2013.  This matter is set for a status conference on February 11, 2013, at 9:00 A.M. at which time the Parties will update the Court on Respondent's compliance with the summons and this Court's order that he comply with the summons.  If Respondent complies with the summons and the Parties determine the February 11, 2013 hearing is no longer necessary, the Parties are instructed to inform the Court in writing and status conference will be canceled.

IT IS SO ORDERED.

ENTER: January 18, 2013.

FOR THE COURT:

                                                s/ Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                            United States District Judge